UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN WILLIAMS, | ) | CASE NO. 5:22-cv-521 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| JUDGE JOHN R. ADAMS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the civil rights complaint filed by *pro se* plaintiff Brian Williams ("Williams"), a federal prisoner, against United States District Court Judge John R. Adams ("Judge Adams"). (Doc. No. 1.) Also before the Court is Williams' motion to proceed with this action *in forma pauperis*. (Doc. No. 2.) For the reasons that follow, this action is dismissed, and Williams' motion to proceed *in forma pauperis* is granted by separate order.

**Background**

Williams has identified *United States v. Williams*, 5:16-cr-326 (N.D. Ohio) ("Criminal Case") as related to this matter and attached the docket of the Criminal Case as an exhibit in support of his complaint. (*See* Doc. No. 1-1 at 1[1] and Doc. No. 1-3, respectively.)

---

[1] Page number references are to consecutive page numbers assigned to each individual document by the Court's electronic filing system.

In 2016, Williams was indicted for possessing with the intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). (*See* Criminal Case. Doc. No. 1.) Judge Adams presided over the Criminal Case. Williams pleaded guilty and Judge Adams sentenced him to 180 months of imprisonment. (Criminal Case Doc. No. 48.) Williams' sentence was affirmed on direct appeal. *See United States v. Ford*, 724 F. App'x 428, 437 (6th Cir. 2018).

In 2018, Williams filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Judge Adams denied this motion, and the Sixth Circuit subsequently denied Williams a certificate of appealability. (*See* Criminal Case Doc. No. 77; *Williams v. United States*, No. 19-3325, slip op. at 4 (6th Cir. July 30, 2019).) In November 2020, the Sixth Circuit denied Williams leave to file a second or successive § 2255 motion. (*See* Criminal Case Doc. No. 93; *Williams v. United States*, No. 20-3157, slip op. (6th Cir. Nov. 3, 2020).)

Williams brings the instant action against Judge Adams pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). In the complaint, Williams alleges that Judge Adams violated his rights under the Eighth Amendment because Judge Adams unconstitutionally presided over the Criminal Case causing Williams "to be convicted without subject matter jurisdiction." (Doc. No. 1 ¶ 17.) Williams also alleges that Judge Adams lacked subject matter jurisdiction over the Criminal Case and, therefore, is not absolutely immune from suit. (*Id*. ¶ 16.) For relief, Williams asks that the "Criminal Case" be dismissed, that Judge Adams "be censured for misrepresenting a Tier III Judge," and that he be awarded compensatory and punitive damages. (*Id*. at 6, Prayer for Relief.)

**Standard of Review**

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the Court determines is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). To survive scrutiny under § 1915(e)(2)(B) for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S, Ct, 1935, 173 L. Ed. 2d. 868 (2009) and holding that the standard articulated in *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) applies in evaluating a complaint under § 1915(e)(2)(B)). In reviewing the complaint, the Court must liberally construe the pleading in a light most favorable to the plaintiff. *See Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982); *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**Discussion**

As an initial matter, to the extent that Williams seeks dismissal of his conviction in the Criminal Case, his sole remedy is to seek habeas relief pursuant to 28 U.S.C. § 2255. "[C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255[.]" *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (citations omitted); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973). This Court is not the sentencing court.

3

To the extent that Williams seeks damages, his complaint fails to state a *Bivens* claim upon which relief may be granted. Congress enacted 42 U.S.C. § 1983 to provide a damages remedy to plaintiffs whose constitutional rights were violated by persons acting under color of state law, but it did not provide a corresponding remedy for constitutional violations allegedly committed by federal government officials. *See Ziglar v. Abbasi*, --U.S.--, 137 S. Ct. 1843, 1854, 198 L. Ed. 2d 290 (2017). In *Bivens*, the Supreme Court recognized an implied cause of action for damages analogous to that permitted against state officials under § 1983 to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizure. *Id*. (citing *Bivens*, 403 U.S. at 396–97). But implied causes of action against federal officials under *Bivens* are not as broad as against state actors under § 1983 and, since *Bivens* was decided, the Supreme Court has recognized such causes of actions against federal officials under *Bivens* in only two other contexts—a Fifth Amendment gender-discrimination case, and an Eighth Amendment case alleging failure to provide adequate medical treatment. *Id* at 1854–55 (citing *Davis v. Passman,* 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979) and *Carlson v. Green,* 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980), respectively).

The Supreme Court has not approved of expanding *Bivens* beyond the three specific contexts it has already recognized, made clear that further expanding *Bivens* is "disfavored," and has "'consistently refused to extend *Bivens* to any new context or new category of defendants.'" *Id*. at 1857 (quoting *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 68, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001)). Williams' complaint, challenging the subject matter jurisdiction of Judge Adams in the Criminal Case, clearly does not fit within the three specific contexts recognized by the Supreme Court for *Bivens* actions and this Court finds no basis to imply such a cause of action here. *See e.g.*

4

*Knight v. Nugent*, No. 1:20-cv-682, 2020 WL 1640309, at *2 (N.D. Ohio April 2, 2020) (dismissing *Bivens* action against district court judge and other federal officials involved in plaintiff's federal criminal case because the Supreme Court "has not recognized a remedy against a federal judge or an AUSA to challenge a conviction or decisions made in presiding over a case or in presenting the government's case to the court").

Furthermore, even if a *Bivens* claim could be implied in the context of the instant action, Williams' claims would be barred by the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). *Heck* held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Here, a judgment in Williams' favor on his *Bivens* claim would necessarily imply the invalidity of his conviction in the Criminal Case, but Williams has not shown that his conviction has been declared invalid or otherwise impugned in any way as required by *Heck*. *See Robinson v. Jones*, 142 F.3d 905, 906–07 (6th Cir. 1998) (applying *Heck* to an action brought pursuant to *Bivens*) (citations omitted). To the contrary, Williams has challenged his conviction and sentence in the Criminal Case and was denied relief on direct appeal and under § 2255. Accordingly, any *Bivens* claim alleged by Williams is non-cognizable under *Heck. See id.* at 907 (Plaintiff is "unable to establish the elements necessary to sustain a *Bivens* action unless and until his conviction has been declared invalid or otherwise impugned as set forth in *Heck*.").

## Conclusion

For the foregoing reasons, Williams' complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated:   May 20, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**